1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

UNITED STATES OF AMERICA          )
                                  )
             Plaintiff,           )
                                  )
      v.                          )          Civil No. C05-0262 RSM
                                  )
                                  )
GLEN STOLL, individually and d/b/a )
NONPROFIT COMMERCIAL              )         **PRELIMINARY INJUNCTION**
ENTERPRISES; MICHAEL STEVENS;     )
DIRECTOR OF THE FIRM FOUNDATION;  )
DIRECTOR OF ECCLESIASTICAL        )
ENTERPRISES; DIRECTOR OF THE      )
FAMILY DEFENSE LEAGUE and         )
DIRECTOR AND GENERAL COUNSEL      )
FOR REMEDIES AT LAW               )
                                  )
             Defendants.          )

This matter comes before the Court on plaintiff's Motion for Preliminary Injunction. (Dkt. #2). Defendant has both failed to appear in this action, and failed to file a response to plaintiff's motion. This District's local rules state that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule CR 7(b)(2). Having reviewed the record in this case, the Court finds no reason not to apply this rule.

Accordingly, the Court makes the following findings of fact and conclusions of law and enters this preliminary injunction against Glen Stoll, individually and d/b/a Nonprofit Commercial Enterprises; and General Counsel for Remedies at Law ("Remedies at Law"). This order will remain in effect until further order of the Court.

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

**Standards for Preliminary Injunction**

To obtain a preliminary injunction under 26 U.S.C. (I.R.C.) § 7408, the United States must show that defendants engaged in conduct subject to penalty under I.R.C. §§ 6700 or 6701, and (3) injunctive relief is appropriate to prevent the recurrence of such conduct.

In order to obtain a preliminary injunction under I.R.C. § 7402, the United States must show that a preliminary injunction is necessary or appropriate for the enforcement of the internal revenue laws and that the following two factors weigh in favor of granting a preliminary injunction against Defendants: (1) that the United States has a high likelihood of success on the merits; and (2) that the equities weigh in favor of granting the temporary relief.

**FINDINGS OF FACT**

Based on the evidence and the parties' arguments, the Court finds as follows:

1.      Glen Stoll, individually and d/b/a Nonprofit Commercial Enterprises; and General Counsel for Remedies at Law ("Remedies at Law"), knowingly organizes and promotes an abusive tax scheme whereby he assists customers in evading federal tax liabilities and IRS collection efforts through the fraudulent use of trusts.

2.      Stoll, individually and through Nonprofit Commercial Enterprises and Remedies at Law, organizes, promotes, and sells to his customers a fraudulent tax scheme using corporations sole and ministerial trusts in an attempt to assist his customers in fraudulently evading income and employment taxes, and to thwart the IRS's ability to assess and collect their customers' unpaid federal tax liabilities.  Stoll assists customers in creating "Ministerial Trusts," which he falsely claims are exempt from all requirements under the internal revenue laws.  He advises customers using his ministerial trust scheme to stop paying income and employment taxes and stop filing federal tax returns.

3.      Stoll and his staff at Remedies at Law assist customers in creating ministerial trusts which they falsely claim are exempt from all requirements under the internal revenue laws.  Stoll advises customers using his ministerial trust scheme to stop paying income and employment taxes and stop filing federal tax returns.  His scheme results in his customers illegally concealing a substantial portion, if not all, of their income and business profits,

PRELIMINARY INJUNCTION
(Civ. No. C05-0262RSM   )                - 2 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

which otherwise would have been paid to the customers as wages, subject to income and employment tax.

4.    Stoll is not promoting his ministerial trust packages for a religious or charitable function. Instead, he advises customers that by using ministerial trusts, they can virtually eliminate their federal tax liabilities, they no longer have any obligation to file federal income tax returns, and they can protect their assets from IRS seizure.  Stoll falsely advises customers that they can treat their ministerial trusts as "churches" with no tax return filing requirement, and yet can control and use the assets and income for their own personal benefit.

5.    The ministerial trusts that Stoll creates for his customers are secular entities.  Customers operate their secular businesses through these ministerial trusts.  Some of these businesses are pest control, carpet cleaning, computer technology, and multi-level marketing.  The ministerial trusts that Stoll creates for his customers are not used to conduct religious activities as his promotional materials claim.

**The Corporation Sole Scheme—Using A Purported Religious Entity to Evade Tax**

6.    Corporations sole are entities recognized by law in some states, including Washington State, for churches to hold title to property used in association with religious activities.

7.    Stoll's scheme involves neither churches nor any  religious activity.  Instead, Stoll formed multiple corporations sole, including Firm Foundation, Ecclesiastical Enterprises, Family Defense League, and Remedies at Law, under which he created numerous ministerial trusts to market to customers.

8.    Stoll falsely claims that as corporations sole, Firm Foundation, Ecclesiastical Enterprises, Family Defense League, and Remedies at Law, are exempt from all filing requirements with the IRS, and are not subject to tax.  Stoll's promotional materials, available at www.remediesatlaw.com, claim that Remedies at Law, as a corporation sole, maintains its nontaxable status as a "mandatory exception" to otherwise applicable tax laws by application of I.R.C. § 508(c)(1)(A).  The articles of incorporation for Firm Foundation, Ecclesiastical Enterprises, and Family Defense League claim that these corporations sole

PRELIMINARY INJUNCTION
(Civ. No. C05-0262RSM   )                                    - 3 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

also maintain nontaxable status as "mandatory exceptions" to otherwise applicable tax laws by application of I.R.C. § 508(c)(1)(A).  According to Stoll, church ministries are not required to notify the IRS of even their existence, much less their exemption from taxation and return-filing requirements.

9.      Stoll and his staff at Remedies at Law assist customers in creating "ministerial trusts" as "auxiliary" organizations to Firm Foundation, Ecclesiastical Enterprises, Family Defense League, and Remedies at Law.  Stoll claims that as "auxiliary organizations," the ministerial trusts he markets are entitled to the same tax-exempt status purportedly available to his corporations sole.  Stoll and his staff assist customers in forming ministerial trusts through which the customers manage their "personal ministries."  Stoll falsely advises customers that personal church ministries do not have to notify the IRS of their non-taxable status, or even their existence, and that their newly-formed ministerial trusts are not authorized to "collect or pay any secular government taxes" because they fall within the "Mandatory Exception" of I.R.C. § 508(c)(1)(A).  Stoll also falsely advises customers that all donations to personal church ministries are tax deductible.

10.     Stoll advises customers that each type of "missionary activity or business venture" should have its own separate trust and that each trust should conduct only one type of activity.  He also falsely advises customers that by placing their assets into these entities, they protect them from the IRS and other creditors.  Stoll advises customers that they will still have control over their assets, even though their names do not appear on contracts and titles.  He advises customers that their ministerial trusts, through which they operate their "missionary activity or business ventures" are not required to file any federal tax returns or pay any federal taxes.

11.     Stoll advises customers to transfer their assets to a "ministerial asset trust," which he claims is for holding assets and issuing "grants and other disbursements."  After purportedly transferring their personal property, business property, and real property to their ministerial asset trusts, the customers continue to enjoy the same benefits and use of the assets as they did before.  The major difference is that none of these assets are held in

PRELIMINARY INJUNCTION
(Civ. No. C05-0262RSM   )                          - 4 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

their names.  Stoll falsely advises customers that by holding their assets in a ministerial asset trust, they can protect those assets from creditors.  Stoll falsely advises customers that their ministerial asset trusts are not required to file any federal tax returns, report any income, or pay any federal taxes.

12.    Stoll falsely advises customers with businesses to reclassify and treat themselves and their employees as independent contractors instead of employees of the business.  He falsely advises customers that they are not required to issue IRS Forms W-2 or 1099s, both of which report compensation paid to individuals and entities.  Stoll falsely advises customers that they are not required to withhold any income or employment tax on the compensation they pay themselves and their employees, and if they are employed by a third party, no income or employment tax need be withheld on their wages.  Stoll and his staff advise customers to instruct their business customers to make payments to their ministerial trusts, instead of to the individual customers.  This arrangement is designed to help customers hide their income from the IRS yet receive all of the income they received before using the program.  This is because information-reporting requirements under the Internal Revenue Code generally apply only to payments made to individuals, and not to trusts and corporations.  Also, Stoll advises his customers not to report this income to the IRS, and not pay tax on it.

13.    Stoll and his staff also advise customers who receive income or payments from third parties to advise those third parties not to withhold any federal income or employment tax on that income or payments as a result of the customers' claimed tax-exempt status.  They advise customers to submit fraudulent IRS forms, such as W-8BEN (Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding) and W-8ECI (Certificate of Foreign Person's Claim for Exemption From Withholding on Income Effectively Connected With the Conduct of a Trade or Business in the United States),  to these third parties in order to evade income and employment tax withholding requirements.

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

14.     Stoll falsely advises customers that if their residence or real estate is titled in the name of a ministerial trust, then the participant can use and maintain it as a tax-exempt parsonage or management housing.

15.     Stoll advises customers to withdraw from the federal tax system once they have set up their ministerial trusts. He tells customers that before they withdraw from the federal tax system, they should satisfy any outstanding obligations to the IRS. Stoll claims that he will not deal with the IRS for fear of a bad outcome. He falsely instructs customers that they do not "qualify" for filing a tax return with the IRS unless the filing is for the purpose of claiming a full refund of withheld taxes from the previous three years.

16.     Once customers have set up their ministerial trusts, Stoll and his staff advise them to attend workshops taught by Stoll, Stevens, and others, concerning procedures to follow related to banking, selling and purchasing assets, leasing property, and operating the ministerial business. Stoll and his staff advise and assist customers in transferring their pre-tax income to offshore bank accounts and repatriating it through the fraudulent use of VISA credit cards.

17.     Stoll and his staff also advise customers concerning how to circumvent U.S. banking laws. Stoll and his staff falsely advise customers that a church ministry is a "non-U.S. person based on its foreign Federal political status," and as such, is exempt from banking regulations. Stoll also advises customers to contact him and his staff before engaging in a financial transaction over $10,000. Federal law requires that cash transactions over $10,000 be reported to the IRS on IRS Form 8300.

18.     Stoll charges customers $4,000 or $4,500 for creating one ministerial trust, and $2,000 for each additional trust. He also charges customers $120 or more for workshops that he claims are necessary to properly use the scheme, and charges $120 per hour for additional advice.

19.     The effect of Stoll's corporation sole and ministerial trust promotion is that his customers live in the same residence, operate the same business activity, drive the same vehicles, and maintain the same lifestyle as they did before joining the program. The customers' living

PRELIMINARY INJUNCTION
(Civ. No. C05-0262RSM   )
- 6 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-0564

expenses are met in the same manner as they were before their participation in the scheme, be it from employment income, self-employment income, rental income or the like. The customer receives the full benefit of, and has full control over, all ministerial trust funds and assets. The only change in the customers' regular business and lifestyle activities is the purported benefit of no taxation.

20. Consequently, the "trusts" that Stoll creates for his customers are shams, devoid of economic substance. Alternatively, the "trusts" are grantor trusts that may be disregarded for federal-income-tax purposes.

**Promoting the Scheme: False Statements about the Internal Revenue Laws**

21. Stoll markets this scheme though word of mouth, through weekly telephone conferences, through workshops, through his promotional materials, and on the internet at www.remediesatlaw.com.

22. In promoting the scheme, Stoll and the Remedies at Law staff falsely tell customers that the following benefits are available to participants:

    a. Absolute tax exempt status under I.R.C. § 508(c)(1) for individuals and their income-producing activities;

    b. No federal tax return filing requirements when using a personal ministry and ministerial trust;

    c. Contributions to customers' "ministries" are tax deductible to donors; and

    d. Customers may retain control and enjoyment of the assets and other property they "contribute" to their ministries.

23. In marketing the scheme, Stoll has made numerous false statements about the internal revenue laws:

    a. By using ministerial trusts, customers can legally stop filing federal income tax returns, and legally stop paying federal taxes;

    b. Ministerial trusts are not obligated to file federal tax returns; and

    c. Ministerial trusts are permitted to receive charitable contributions, and are permitted to issue receipts for these contributions.

24. Stoll's false and fraudulent statements have induced at least 30 customers to participate in his illegal scheme. Stoll has created at least 89 corporations sole and at least 47

PRELIMINARY INJUNCTION
(Civ. No. C05-0262RSM   )                         - 7 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-0564

ministerial trusts.  The 89 corporations sole are registered with the Washington Secretary of State.  Because Stoll and his staff market at least three ministerial trusts to each customer, it is highly likely that Stoll has formed well over 300 ministerial trusts.   Stoll has refused to provide to the government his customer lists or any other information concerning the scope of his promotion.

**Additional Interference with Enforcement of the Internal Revenue Laws.**

25.   Stoll has engaged in conduct that interferes substantially with the administration and enforcement of the internal revenue laws.

26.   He falsely advises customers that their purported ministerial trusts are IRS-proof, that their existence and income can be kept secret from the IRS, and that the trusts are not subject to IRS administrative summonses seeking financial records and other documents.

27.   His advice has led customers to impede and obstruct civil tax examinations of their individual income tax liabilities.  On Stoll's advice, customers have refused to cooperate with legitimate IRS requests, and have repeatedly cancelled audit appointments.

28.   Additionally, Stoll advised customers to transfer their assets into ministerial trusts.  This obstructs the IRS's ability to detect and locate assets from which to collect customers' unpaid tax liabilities.

**Stoll's Knowledge of the Illegality of His Scheme and the Likelihood of Recurrence.**

29.   Stoll falsely holds himself out to be a "lawyer" and claims to have spent considerable time studying the tax laws.  He claims that his "legal career" began with "family law" in 1988 and expanded into his current practice of "religious liberty and human rights law" in 1993.  He claims that Remedies at Law is an ecclesiastical law firm, and that he serves as its director and general counsel.  Stoll claims to have gained extensive knowledge of tax law through studying the law, drafting motions and other legal documents, and arguing these motions before courts.  Stoll does not claim to have attended or graduated from law school.  He is not a member of or licensed with any state or federal bar.

30.   Despite the initiation of the investigation leading to the present suit, the filing of this lawsuit, multiple newspaper articles regarding the suit, and despite knowledge of

PRELIMINARY INJUNCTION
(Civ. No. C05-0262RSM   )                              - 8 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

numerous customer examinations conducted by the IRS, Stoll has continued to actively market this abusive scheme. According to Stoll's website, www.remediesatlaw.com, "Introductory Conferences" and "Establishment Workshops" are available every Tuesday and Thursday of April 2005. Because Stoll has continued this promotion undeterred by these significant indications of the falsity of his claims, there is a strong likelihood of recurrence absent injunctive relief.

**Harm to the Government: Grossly Understated Federal Tax Liabilities.**

31.    The tax loss as a result of Stoll's fraudulent scheme is estimated to be substantial. A civil examination of just one of Stoll's trust customers uncovered tax understatements of $22,322 for 2002 and $19,248 for 2003. While several other customers have been identified for IRS examinations, no other final audit results are currently available.

32.    Because Stoll has refused to provide the government his customer lists or any other information concerning the scope of the promotion, the true extent of the promotion is unknown. Many of the tax understatements may never be recovered.

33.    If Stoll's promotional activity is not stopped, it will result in additional harm with each new return filing season. Clearly, the harm to the government is material.

<h2 style="text-align:center">CONCLUSIONS OF LAW</h2>

Based on the evidence presented by the United States, Glen Stoll, individually and d/b/a Nonprofit Commercial Enterprises; and General Counsel for Remedies at Law ("Remedies at Law"), are engaging in conduct subject to penalty under I.R.C. §§ 6700 and 6701. Accordingly, the Court finds that Stoll and Remedies at Law should be preliminarily enjoined under I.R.C. § 7408.

The Court finds that the United States has presented persuasive evidence that the Stoll and Remedies at Law are engaging in conduct subject to injunction under I.R.C. § 7402 and that it will suffer irreparable harm in the absence of this preliminary injunction and that defendants will suffer little, if any, harm if the preliminary injunction is granted. The United States also has presented evidence and argument sufficient to convince the Court that the United States has a high likelihood of success on the merits. Further, the United States has presented credible

PRELIMINARY INJUNCTION
(Civ. No. C05-0262RSM   )                          - 9 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-0564

1  evidence and argument that shows the public interest will be served through granting this

2  preliminary injunction.  Finally, the evidence presented shows that absent this preliminary

3  injunction, defendants will continue to violate I.R.C. §§ 6700 and 6701.  Accordingly, the Court

4  finds that a preliminary injunction under I.R.C. § 7402 is necessary and appropriate for the

5  enforcement of the internal revenue laws.

### ORDER

Based on the foregoing factual findings and for good cause shown, the Court ORDERS

A.   That pursuant to I.R.C. §§ 7402(a) and 7408, defendants Glen Stoll, individually and d/b/a

Nonprofit Commercial Enterprises; and General Counsel for Remedies at Law ("Remedies

at Law"), and anyone acting in concert with them, are preliminarily enjoined and

restrained from, directly or indirectly, by use of any means or instrumentalities:

1.   Organizing, promoting, marketing, or selling any trust, tax shelter, plan or
     arrangement, including any type of so-called asset-protection device, or
     similar arrangement that advises, encourages, or assists taxpayers to
     attempt to violate the internal revenue laws or unlawfully evade the
     assessment of their federal tax liabilities;

2.   Causing other persons and entities to understate their federal tax liabilities
     and avoid paying federal taxes;

3.   Making false statements about the allowability of any deduction or credit,
     the excludability of any income, or the securing of any tax benefit by reason
     of participating in such trust, tax shelter, plan or arrangement, including
     any type of so-called asset-protection device, or similar arrangement;

4.   Encouraging, instructing, advising or assisting others to violate the federal
     tax laws, including to evade the payment of taxes;

5.   Engaging in any other conduct subject to penalty under I.R.C. § 6700; *i.e.*,
     by making or furnishing, in connection with the organization or sale of a
     trust, tax shelter, plan or arrangement, including any type of so-called
     asset-protection device, or similar arrangement, a statement the defendants
     know or have reason to know to be false or fraudulent as to any material
     matter under the federal tax laws;

6.   Further engaging in any conduct subject to penalty under I.R.C. § 6701,
     *i.e.*, aiding, assisting, or advising with respect to the preparation or
     presentation of any portion of a return or other document knowing that
     such document will result in the understatement of another person's
     income tax liability;

7.   Instructing or advising customers to not file federal-income-tax returns;

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

8.      Promoting the false and frivolous position that federal income taxes can be reduced or eliminated by using "Corporations Sole" and "Ministerial Trusts" to shelter income;

9.      Advising customers to impede, hinder, or obstruct IRS civil tax examinations of their liabilities; and

10.     Further engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws.

B.      Pursuant to I.R.C. § 7402, that defendants within eleven days file with the Court and serve upon the government a complete list of customers (including names, addresses, phone numbers, e-mail addresses if known, and social security numbers or employer identification numbers) who have purchased any trust or other type of entity from defendants, or sought or received any tax advice from defendants;

C.      Pursuant to I.R.C. § 7402, that defendants within eleven days file with the Court and serve upon the government a complete list of all entities, including but not limited to family trusts, business trusts, unincorporated business trusts, corporations sole, and ministerial trusts, that they or anyone working at their direction has created for their customers;

D.      Pursuant to I.R.C. § 7402, that defendants, at their own expense and as a corrective measure, provide a copy of the complaint and injunction to each of their customers, current and former, and employees and associates, current and former, within eleven days of entry of the injunction.  Defendant Stoll must file a sworn certificate of compliance stating that he has complied with this portion of the Order, within eleven days of the date of this Order, and must attach a copy of all correspondence sent with the complaint and injunction, and must file a list of all individuals and entities to whom he sent such notice;

E.      Pursuant to I.R.C. §§ 7402 and 7408, that defendants within eleven days of entry of this order file with the court and serve on the Government a complete list of defendants' former and current employees and associates;

F.      Pursuant to IRC § 7402(a), that defendants within eleven days of entry of this order:

1.      Remove from their website www.remediesatlaw.com all abusive tax scheme promotional materials, false commercial speech, and materials designed to incite others imminently to violate the law, including the internal revenue laws;

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

2.      Display prominently on the first page of www.remediesatlaw.com a complete copy of the Court's preliminary injunction;

3.      Maintain the website throughout the course of this litigation with a complete copy of the Court's permanent injunction so displayed throughout that time; and

4.      Defendant Stoll must  file a sworn certificate of compliance stating that he has complied with this portion of the Order, within twelve days of the date of this Order, and must print a copy of the entire website, and file that document with his sworn certificate of compliance; and

G.     The United States shall be permitted to engage in post-injunction discovery to monitor defendants' compliance with this and any other order entered by this Court.

SO ORDERED this   26   day of April , 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

Prepared by, and including additional language by the Court:

  s/ Kari M. Larson
KARI M. LARSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C.  20044
Telephone:    (202) 514-0564
Facsimile:    (202) 514-6770

PRELIMINARY INJUNCTION
(Civ. No. C05-0262RSM   )        - 12 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564