1

Honorable Ricardo S. Martinez

2

3

4

5

6

7

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

8

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. C05-0262RSM |
| ) | |
| ) | |
| GLEN STOLL, individually and d/b/a ) | **ORDER FOR DEFAULT** |
| NONPROFIT COMMERCIAL ) | **JUDGMENT AND** |
| ENTERPRISES; MICHAEL STEVENS; ) | **PERMANENT INJUNCTION** |
| DIRECTOR OF THE FIRM FOUNDATION; ) | |
| DIRECTOR OF ECCLESIASTICAL ) | |
| ENTERPRISES; DIRECTOR OF THE ) | |
| FAMILY DEFENSE LEAGUE and ) | |
| DIRECTOR AND GENERAL COUNSEL ) | |
| FOR REMEDIES AT LAW ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on plaintiff's Motion for Default Judgment and Permanent Injunction. (Dkt. #20). Defendants Glen Stoll, individually and d/b/a Nonprofit Commercial Enterprises; and Director and General Counsel for Remedies at Law were properly served and have failed to appear in this action. Entry of default was made against them by the Clerk of Court on May 1, 2005 (Dkts. #9 and #10). Having reviewed the record in this case, the Court makes the following findings of fact and conclusions of law and enters this permanent injunction against Glen Stoll, individually and d/b/a Nonprofit Commercial Enterprises; and General Counsel for Remedies at Law.

DEFAULT JUDGMENT OF
PERMANENT INJUNCTION
(Civ. No. C05-0262RSM  )                    - 1 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

**FINDINGS OF FACT**

1. Glen Stoll has engaged in conduct in this district and elsewhere subject to penalty under I.R.C. §§ 6700 and 6701, and has engaged in conduct that interferes with the enforcement of the internal revenue laws. Stoll conducts business through the unregistered business entity, Nonprofit Commercial Enterprises. Stoll resides at 9115 236th SW #B, Edmonds, Washington.

2. Director and General Counsel for Remedies at Law ("Remedies at Law") has engaged in conduct in this district and elsewhere subject to penalty under I.R.C. §§ 6700 and 6701, and has engaged in conduct that interferes with the enforcement of the internal revenue laws. Remedies at Law was incorporated in the state of Oklahoma as a corporation sole in 1994. Stoll serves as its registered agent. The address for Remedies at Law is 9115 236th SW #B, Edmonds, Washington, which is also Stoll's residential address. Remedies at Law maintains a website at www.remediesatlaw.com. According to the website, Stoll has served as the Director and General Counsel for Remedies at Law since its inception in 1993.

3. Nonprofit Commercial Enterprises is an unregistered business through which defendants promote their abusive tax scheme.

4. Defendants are affiliated with Embassy of Heaven, an organization located in Stayton, Oregon, that describes itself as "God's Government on Earth," and issues Embassy of Heaven "identification cards," "drivers licenses" and "business licenses" for defendants' customers for a fee. Its websites are www.embassyofheaven.org, and www.embassyofheaven.com.

5. Defendants are former associates of John and Candace Sinclair. The Sinclairs are defendants in a related case, *United States v. John Sinclair et al.*, Docket No. 05-cv-45, in this Court. That action also seeks injunctions under I.R.C. §§ 7402 and 7408 to bar those defendants from promoting two abusive trust schemes, one of which involves corporations sole and ministerial trusts.

DEFAULT JUDGMENT OF
PERMANENT INJUNCTION
(Civ. No. C05-0262RSM   )                    - 2 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

1

**Defendants' Fraudulent Scheme—Corporations Sole and Ministerial Trusts to Evade Taxes.**

2

6.  Defendants organize, promote, and market a fraudulent tax scheme using corporations

3

sole and ministerial trusts in an attempt to fraudulently evade income and employment tax, and to

4

thwart the IRS's ability to assess and collect their customers' unpaid federal tax liabilities.

5

7.  Defendants assist customers in creating "Ministerial Trusts" which they falsely claim

6

are exempt from all requirements under the internal revenue laws.  Defendants advise customers

7

using their ministerial trust scheme to stop paying income and employment taxes and stop filing

8

federal tax returns.

9

8.  Defendants' scheme results in their customers illegally concealing a substantial portion,

10

if not all, of their income and business profits, which otherwise would have been paid to the

11

customers as wages, subject to income and employment tax.

12

9.  Corporations sole are entities established by law in some states for churches to hold

13

title to property used in association with religious activities.  Ministerial trusts are auxiliary

14

entities organized in conjunction with a particular corporation sole.  Ministerial trusts claim the

15

same legal and tax attributes as the corporation sole under which they were organized.

16

10.  Defendants' corporation sole scheme involves neither churches nor any  religious

17

activity.  Instead, defendants formed corporations sole, including Firm Foundation, Ecclesiastical

18

Enterprises, Family Defense League, and Remedies at Law, under which they created numerous

19

ministerial trusts to market to customers.

20

11.  Defendants falsely claim that as corporations sole, Firm Foundation, Ecclesiastical

21

Enterprises, Family Defense League, and Remedies at Law, are exempt from all filing

22

requirements with the IRS, and are not subject to tax.

23

12.  Defendants' promotional materials, available at www.remediesatlaw.com, claim that

24

Remedies at Law, as a corporation sole, maintains its nontaxable status as a "mandatory

25

exception" to otherwise applicable tax laws by application of I.R.C. § 508(c)(1)(A).  The articles

26

27

28

DEFAULT JUDGMENT OF
PERMANENT INJUNCTION
(Civ. No. C05-0262RSM   )                        - 3 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

of incorporation for Firm Foundation, Ecclesiastical Enterprises, and Family Defense League claim that these corporations sole also maintain nontaxable status as "mandatory exceptions" to otherwise applicable tax laws by application of I.R.C. § 508(c)(1)(A).  According to Stoll, church ministries are not required to notify the IRS of even their existence, much less their exemption from taxation and return-filing requirements.

13.  Defendants assist customers in creating "ministerial trusts" as "auxiliary" organizations to Firm Foundation, Ecclesiastical Enterprises, Family Defense League, and Remedies at Law.  Defendants claim that as auxiliary organizations to Firm Foundation, Ecclesiastical Enterprises, Family Defense League, and Remedies at Law, the ministerial trusts they market are entitled to the same tax-exempt status purportedly available to their corporations sole.

14.  Defendants advise potential customers who inquire about setting up ministerial trusts to consult the Remedies at Law website, or call its business office, for Establishment Workshop times and locations, or for how to listen or participate in a telephone workshop.  Defendants conduct "Establishment Workshops" at which they assist customers in setting up their personal ministries and ministerial trusts.

15.  Defendants instruct customers to complete a "Declaration of Status" form which they assert serves as a "political profession of faith."  Defendants falsely claim that customers, by completing this form, are forming their own personal ministry.  After customers complete the Declaration of Status, Defendants assist customers in forming ministerial trusts through which the customers manage their "personal ministries."

16.  Defendants then advise and assist customers in completing a series of agreements and forms, which they claim are necessary to complete their Ministerial Trusts.  Included in these are applications for "drivers licenses," "business licenses," and identification cards from the "Embassy of Heaven Church," an organization located in rural Oregon that purports to help customers sever all ties with state and federal governments in order to become "citizens of Heaven."

DEFAULT JUDGMENT OF
PERMANENT INJUNCTION
(Civ. No. C05-0262RSM   )                    - 4 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

17.  Defendants falsely advise customers that personal church ministries do not have to notify the IRS of their non-taxable status, or even their existence.  Defendants falsely advise customers that their ministerial trusts are not authorized to "collect or pay any secular government taxes" because they fall within the "Mandatory Exception" of I.R.C. § 508(c)(1)(A).  They also falsely advise customers that all donations to personal church ministries are tax deductible.

18.  Defendants advise customers that each type of "missionary activity or business venture" should have its own separate trust and that each trust should conduct only one type of activity.  Defendants advise customers that the customers' ministerial trusts are to be administered by their corporations sole.

19.  Defendants advise customers to serve as managers of their ministerial trusts.  They falsely advise customers that by placing their assets into these entities, they protect them from the IRS and other creditors.  They advise customers that they will still have control over their assets, even though their names do not appear on contracts and titles.

20.  Defendants advise customers to transfer their assets to a "ministerial asset trust."  They advise customers that the asset trust is for holding assets and issuing "grants and other disbursements."  Customers purportedly transfer their personal property such as furniture and other household items, business property such as equipment and other business assets, and real property including their personal residence, and bank accounts to their ministerial asset trusts.  After purportedly transferring these assets to their ministerial asset trusts, the customers continue to enjoy the same benefits and use of the assets as they did before.  The major difference is that none of these assets are held in their names.  Defendants falsely advise customers that by holding their assets in a ministerial asset trust, they can protect those assets from creditors.

21.  The ministerial asset trusts purportedly lease certain assets to other trusts.  Defendants falsely advise customers that their ministerial asset trusts need not report that rental income on tax returns.  Defendants falsely advise customers that their ministerial asset trusts are not required to file any federal tax returns or pay any federal taxes.

DEFAULT JUDGMENT OF
PERMANENT INJUNCTION
(Civ. No. C05-0262RSM   )                          - 5 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

22. Defendants advise and assist customers in forming and using "ministerial liability trusts." Defendants tell customers that ministerial liability trusts should be used for "fund-raising activity," such as real-estate ventures or operating small businesses. Separate trusts are established for each type of business activity that customers conduct. Defendants advise customers to transfer their business name, business vehicles, and business contracts into their liability trusts. Defendants advise customers to operate their businesses in the same manner as before. Defendants falsely advise customers that by holding their business assets in a ministerial liability trust, they can protect those assets from creditors

23. The ministerial liability trusts are used to hold and operate customers' businesses. Defendants advise customers that their ministerial liability trusts need not report any business income on federal tax returns. Defendants advise customers that their ministerial liability trusts are not required to file any federal tax returns or pay any federal taxes.

24. Defendants falsely advise customers with businesses to reclassify and treat themselves and their employees as independent contractors instead of employees of the business. Defendants falsely advise customers that they are not required to issue IRS Forms W-2 or 1099s, both of which report compensation paid to individuals and entities. Defendants also falsely advise customers that they are not required to withhold any income or employment tax on the compensation they pay themselves and their employees, and if they are employed by a third party, no income or employment tax need be withheld on their wages. Defendants advise customers to instruct their business customers to make payments to their ministerial trusts, instead of to the individual customers. This arrangement is designed to help defendants' customers hide their income from the IRS yet receive all of the income they received before using the program. This is because information-reporting requirements under the Internal Revenue Code generally apply only to payments made to individuals, and not to trusts and corporations. Also, defendants advise their customers to not report this income to the IRS, and not pay tax on it.

DEFAULT JUDGMENT OF
PERMANENT INJUNCTION
(Civ. No. C05-0262RSM   )                          - 6 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

25.  Defendants also advise customers who receive income or payments from third parties to advise those third parties to not withhold any federal income or employment tax on that income or payments as a result of the customers' claimed tax-exempt status.  Defendants provide customers sample IRS Forms W-8BEN (Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding) or W-8ECI (Certificate of Foreign Person's Claim for Exemption From Withholding on Income Effectively Connected With the Conduct of a Trade or Business in the United States), including instructions for completing the forms.  Defendants advise customers to provide these forms to third-party payors in order to receive income or payments not subject to income or employment tax withholding.  In fact, these forms may only be used by non U.S. persons.

26.  Defendants advise and assist customers in forming and using "additional trusts." Defendants tell customers that additional trusts should be used for investment activities, other business activities, subcontracting, and other functions.  Defendants falsely advise customers that these trusts as well are not obligated to file federal tax returns.  Defendants advise customers to not report to the IRS any income generated by the assets placed in these additional trusts. Defendants also falsely advise customers that they are not obligated to pay federal tax on any income to these trusts.   Defendants' customers enjoy the same benefits and use of the assets transferred to these additional trusts as before the transfer.

27.  Defendants falsely advise customers that if their residence or real estate is titled in the name of the ministerial trust, then the participant can use and maintain it as a tax-exempt parsonage or management housing.

28.  Defendants advise customers to withdraw from the federal tax system once they have set up their ministerial trusts.  Defendants advise customers that before they withdraw from the federal tax system, they should satisfy any outstanding obligations to the IRS.  Stoll tells customers that he will not deal with the IRS for fear of a bad outcome.

DEFAULT JUDGMENT OF
PERMANENT INJUNCTION
(Civ. No. C05-0262RSM   )                              - 7 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

29. Defendants falsely instruct customers that they do not "qualify" for filing a tax return with the IRS unless the filing is for the purpose of claiming a full refund of withheld taxes from the previous three years.

30. Once customers have set up their ministerial trusts, Defendants advise them to attend workshops taught by Stoll, Michael Stevens, and others, concerning procedures to follow related to banking, selling and purchasing assets, leasing property, and operating the ministerial business.

31. Defendants advise and assist customers in transferring their pre-tax income to offshore bank accounts located at Liberty International Bank & Trust, Caribbean Processing Center. The funds transferred offshore are not reported as income on any federal income tax return. Defendants provide customers with VISA cards connected to their offshore accounts. These VISA cards purportedly allow the customers to enjoy the benefit of this income without paying income tax on it.

32. Defendants also advise customers concerning how to circumvent U.S. banking laws. Defendants falsely advise customers that a church ministry is a "non-U.S. person based on its foreign Federal political status," and as such, is exempt from banking regulations. Defendants also advise customers to contact them before engaging in a financial transaction over $10,000. Federal law requires that cash transactions over $10,000 be reported to the IRS on IRS Form 8300.

33. Defendants charge customers $4,000 or $4,500 for creating one ministerial trust, and $2,000 for each additional trust. Defendants also charge customers $120 or more for workshops that Defendants claim are necessary to properly use their scheme, and charge $120 per hour for additional advice.

34. Defendants are not promoting their ministerial trust packages for a religious or charitable function. Instead, defendants falsely advise customers that by using ministerial trusts, they can virtually eliminate their federal tax liabilities, they no longer have any obligation to file federal income tax returns, and they can protect their assets from IRS seizure.

DEFAULT JUDGMENT OF
PERMANENT INJUNCTION
(Civ. No. C05-0262RSM   )                              - 8 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

35.  The ministerial trusts that defendants create for their customers are secular entities. Customers operate their secular businesses through these ministerial trusts.  Examples of some of the customers' businesses are pest control, carpet cleaning, computer technology, and multi-level marketing.  The ministerial trusts that defendants create for their customers are not used to conduct religious activities as defendants' promotional materials claim.

36.  The effect of defendants' corporation sole and ministerial trust promotion is that their customers live in the same residence, operate the same business activity, drive the same vehicles, and maintain the same lifestyle as they did before joining the program.  The customers' living expenses are met in the same manner as they were before their participation in the scheme, be it from employment income, self-employment income, rental income or the like.  The customer receives the full benefit of, and has full control over, all ministerial trust funds and assets.  The only change in the customers' regular business and lifestyle activities is the purported benefit of no taxation.

37.  The "trusts" that defendants create for their customers are shams, devoid of economic substance.  Alternatively, the "trusts" are grantor trusts that may be disregarded for federal-income-tax purposes.

**Promoting the Scheme: False Statements about the Internal Revenue Laws**

38.  Defendants market this scheme though word of mouth, through weekly telephone conferences, through workshops, through their promotional materials, and on the internet at www.remediesatlaw.com.

39.  In promoting the scheme, defendants falsely tell customers that the following benefits are available to  participants:

    a.      Absolute tax exempt status under I.R.C. § 508(c)(1) for individuals and their income-producing activities;

    b.      No federal tax return filing requirements when using a personal ministry and ministerial trust;

    c.      Contributions to customers' "ministries" are tax deductible to donors; and

DEFAULT JUDGMENT OF
PERMANENT INJUNCTION
(Civ. No. C05-0262RSM  )                    - 9 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

d.     Customers may retain control and enjoyment of the assets and other property they "contribute" to their ministries.

40.   In marketing the scheme, defendants have made numerous false statements about the internal revenue laws:

a.     By using defendants' ministerial trusts, customers can legally stop filing federal income tax returns, and legally stop paying federal taxes;

b.     Ministerial trusts are not obligated to file federal tax returns; and

c.     Ministerial trusts are permitted to receive charitable contributions, and are permitted to issue receipts for these contributions.

41.   The defendants' false and fraudulent statements have induced at least 30 customers to participate in their illegal schemes.

42.   Since the initiation of the investigation leading to the present suit, and despite knowledge of numerous customer examinations conducted by the IRS, defendants have continued to actively market their abusive scheme.  According to defendants' website, www.remediesatlaw.com, "Introductory Conferences" and "Establishment Workshops" are available every Tuesday and Thursday of February 2005.

43.   Defendants have created at least 89 corporations sole and at least 47 ministerial trusts.  The 89 corporations sole are registered with the Washington Secretary of State.  Because defendants market at least three ministerial trusts to each customer, it is highly likely that defendants have formed well over 300 ministerial trusts.  Defendants have refused to provide to the government their customer lists or any other information concerning the scope of their promotion.

44.   Stoll falsely hold himself out to be a "lawyer" and claims to have spent considerable time studying the tax laws.  He is not a member of or licensed with any state or federal bar.

45.   One of defendants' customers, after being contacted by the IRS for an audit, voluntarily submitted delinquent tax returns for 2002 and 2003 showing tax due of $22,322 and $19,248.

DEFAULT JUDGMENT OF
PERMANENT INJUNCTION
(Civ. No. C05-0262RSM   )         - 10 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

46.  The tax loss as a result of this promotion is estimated to be substantial.  Many of these deficiencies may never be recovered.  Therefore, the harm to the government is material, and if defendants' promotional activity is not stopped, it will result in additional harm with each new customer added and with each new return filing season.

47.  Despite IRS audits of many of defendants' customers, and notice of the IRS investigation of their scheme, defendants continue to promote this fraudulent scheme.

48.  The defendants have engaged in conduct that interferes substantially with the administration and enforcement of the internal revenue laws.

49.  Defendants falsely advise customers that their purported ministerial trusts are IRS-proof, that their existence and income can be kept secret from the IRS, and that the trusts are not subject to IRS administrative summonses seeking financial records and other documents.

50.  Defendants' advice led their customers to impede and obstruct civil tax examinations of their individual income tax liabilities.

51.  On defendants' advice, their customers have refused to cooperate with legitimate IRS requests, and have repeatedly cancelled audit appointments.

52.  Additionally, defendants advised customers to transfer their assets into ministerial trusts.  This obstructs the IRS's ability to detect and locate assets from which to collect defendants' customers' unpaid tax liabilities.

53.  The Court entered default against Glen Stoll, individually and d/b/a Nonprofit Commercial Enterprises; and Director and General Counsel for Remedies at Law on May 1, 2005.


### CONCLUSIONS OF LAW

**A.      Standard for Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure provides that where a party fails to plead or otherwise defend against a complaint, and after entry of default, default judgment may be entered against such person.  Upon entry of default, the well-pleaded allegations of the complaint

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages, which is not an issue here because the United States is seeking injunctive, not monetary, relief.[1]  Default judgment should not be different in kind than what is sought in the complaint.[2]  Here, the United States seeks only the injunctive relief requested in the complaint.

Whether to grant a motion for default judgment is within the Court's discretion.[3]  The Ninth Circuit has set forth factors which may be considered in exercising this discretion:  (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[4]  The *Eitel* factors favor entry of default judgment in this case.

**B.    The United States' Substantive Claims Set Forth in its Complaint Satisfy the Standards for a Permanent Injunction.**

As pled in the complaint and supported in its preliminary injunction motion, the United States' claims merit entry of a permanent injunction.  In a statutory injunction action such as this, the moving party must demonstrate that the statute has been violated and that "there is a reasonable likelihood of future violations."[5]  Because I.R.C. §§ 7402(a) and 7408 set forth the criteria for injunctive relief, the United States need only meet those criteria, without reference to

---

[1]  *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

[2]  Fed. R. Civ. P. 54(c).

[3]  *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986); *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956).

[4]  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

[5]  *S.E.C. v. Holschuh*, 694 F.2d 130, 144 (7th Cir. 1982).

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

the traditional equitable factors, for a court to issue a permanent injunction under these sections.[6]

Nonetheless, the traditional equitable standards for granting a permanent injunction are also met

here.  In the Ninth Circuit, the requirements for the issuance of a permanent injunction are (1) the

likelihood of substantial and immediate irreparable injury, and (2) the inadequacy of remedies at

law.[7]

Based on the evidence presented by the United States, defendants Stoll and Remedies at

Law are engaging in conduct subject to penalty under I.R.C. §§ 6700 and 6701.  Accordingly, the

Court finds that Stoll and Remedies at Law should be permanently enjoined under I.R.C. § 7408.

The Court finds that there is persuasive evidence that Stoll and Remedies at Law are

engaging in conduct subject to injunction under I.R.C. § 7402 and that the United States will

suffer irreparable harm in the absence of an injunction.  Further, the public interest will be served

through granting an injunction.  Finally, the evidence presented shows that absent an injunction,

defendants will continue to violate I.R.C. §§ 6700 and 6701and continue to interfere with the

enforcement and administration of the internal revenue laws.  Accordingly, the Court finds that an

injunction under I.R.C. § 7402 is necessary and appropriate for the enforcement of the internal

revenue laws.

The allegations in the complaint, and the evidence submitted with the preliminary

injunction motion clearly establish that a permanent injunction under I.R.C. §§ 7402(a) and 7408

---

[6] *See* I.R.C. §§ 7402(a) and 7408.  *See also United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1098 (9th Cir. 2000) (finding, with regard to I.R.C. § 7408, that the "traditional requirements for equitable relief need not be satisfied since [the statute] expressly authorizes the issuance of an injunction."); *Duke v. Uniroyal, Inc.*, 777 F. Supp. 428, 433 (E.D.N.C. 1991) (finding that where an injunction is expressly authorized by statute, and the statutory conditions have been satisfied, the moving party is not required to establish irreparable injury before obtaining injunctive relief).  *Cf. In re Dow Corning Corp.*, 280 F.3d 648, 658 (6th Cir. 2002) (holding, in a bankruptcy case, that where a statute, such as I.R.C. § 7402(a), grants the court injunctive power, the court is not "confined to traditional equity jurisprudence").

[7] *See G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1107 (9th Cir. 2003); *LaDuke v. Nelson*, 762 F.2d 1318, 1330 (9th Cir. 1985).

DEFAULT JUDGMENT OF
PERMANENT INJUNCTION
(Civ. No. C05-0262RSM   )                          - 13 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

should issue to stop defendants from promoting their abusive tax scheme and interfering with the enforcement of the internal revenue laws.

## ORDER

Based on the foregoing factual findings and for good cause shown, the Court ORDERS

A.  That pursuant to I.R.C. §§ 7402(a) and 7408, defendants Glen Stoll, individually and d/b/a Nonprofit Commercial Enterprises; and Director and General Counsel for Remedies at Law, and anyone acting in concert with them, are permanently enjoined and restrained from, directly or indirectly, by use of any means or instrumentalities:

(1)     Organizing, promoting, marketing, or selling any trust, tax shelter, plan or arrangement, including any type of so-called asset-protection device, or similar arrangement that advises, encourages, or assists taxpayers to attempt to violate the internal revenue laws or unlawfully evade the assessment of their federal tax liabilities;

(2)     Causing other persons and entities to understate their federal tax liabilities and avoid paying federal taxes;

(3)     Making false statements about the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by reason of participating in such trust, tax shelter, plan or arrangement, including any type of so-called asset-protection device, or similar arrangement;

(4)     Encouraging, instructing, advising or assisting others to violate the federal tax laws, including to evade the payment of taxes;

(5)     Engaging in any other conduct subject to penalty under I.R.C. § 6700; *i.e.*, by making or furnishing, in connection with the organization or sale of a trust, tax shelter, plan or arrangement, including any type of so-called asset-protection device, or similar arrangement, a statement the defendants know or have reason to know to be false or fraudulent as to any material matter under the federal tax laws;

(6)     Further engaging in any conduct subject to penalty under I.R.C. § 6701, *i.e.*, aiding, assisting, or advising with respect to the preparation or presentation of any portion of a return or other document knowing that such document will result in the understatement of another person's income tax liability;

(7)     Instructing or advising customers to not file federal-income-tax returns;

(8)     Promoting the false and frivolous position that federal income taxes can be reduced or eliminated by using "Corporations Sole" and "Ministerial Trusts" to shelter income;

DEFAULT JUDGMENT OF
PERMANENT INJUNCTION
(Civ. No. C05-0262RSM   )                    - 14 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

(9)     Advising customers to impede, hinder, or obstruct IRS civil tax examinations of their liabilities; and

(10)    Further engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws.

B.  Pursuant to I.R.C. § 7402, that defendants within eleven days of entry of this injunction order file with the Court and serve upon plaintiff's counsel a complete list of customers (including names, addresses, phone numbers, e-mail addresses if known, and social security numbers or employer identification numbers) who have purchased any trust or other type of entity from defendants, or sought or received any tax advice from defendants;

C.  Pursuant to I.R.C. § 7402, that defendants within eleven days of entry of this injunction order file with the Court and serve upon plaintiff's counsel a complete list of all entities, including but not limited to family trusts, business trusts, unincorporated business trusts, corporations sole, and ministerial trusts, that they or anyone working at their direction has created for their customers;

D.  Pursuant to I.R.C. § 7402, that defendant Stoll, at his own expense and as a corrective measure, post a complete copy of this injunction order on his website, www.remediesatlaw.com, and maintain that posting for one year from the date of this injunction order.  Defendant Stoll shall file a sworn certificate of compliance stating that he has complied with this portion of the injunction order within twelve days of the date of this injunction order, and is required to print all pages of his website and attach them to his certificate of compliance;

E.  Pursuant to I.R.C. § 7402, that defendants, at their own expense and as a corrective measure, provide a copy of the complaint and injunction to each of their customers, current and former, and employees and associates, current and former, within eleven days of entry of this injunction order.  Defendant Stoll must file a sworn certificate of compliance stating that he has complied with this portion of the Order, within twelve days of the date of this injunction order, and must attach a copy of all correspondence sent with the complaint and injunction;

DEFAULT JUDGMENT OF
PERMANENT INJUNCTION
(Civ. No. C05-0262RSM   )                       - 15 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564

F.  Pursuant to I.R.C. §§ 7402 and 7408, that defendants within eleven days of entry of this injunction order file with the court and serve on plaintiff's counsel a complete list of defendants' former and current employees and associates; and

G.  The United States shall be permitted to engage in post-injunction discovery to monitor defendants' compliance with this and any other order entered by this Court.

SO ORDERED this ___27___ day of ___June___, 2005.


/s/   Ricardo S. Martinez
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

Prepared by:


/s/ Martin M. Shoemaker
MARTIN M. SHOEMAKER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C.  20044
Telephone:  (202) 514-6491
Facsimile:  (202) 514-6770

DEFAULT JUDGMENT OF
PERMANENT INJUNCTION
(Civ. No. C05-0262RSM   )                - 16 -

U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-0564